**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ANTHONY DUANE TAYLLEY, JR.**                                     **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO.:   3:19CV767-HTW-LRA**

**BILLIE SOLLIE, et al**                                           **DEFENDANTS**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The Court set this case for an omnibus hearing to be conducted by video on July 24, 2020.  Plaintiff Anthony Duane Talley failed to appear at the July 24th hearing before the undersigned Magistrate Judge, nor did he contact the Court to request a continuance. Defense counsel Lee Thaggard, representing all Defendants, did appear at the hearing and was ready to proceed.   Plaintiff was notified of this hearing at the mailing address that he provided to the Court, being Central Mississippi Correctional Facility, C-Bldg., D-Zone, Bed #88, 3794 Highway 468, Pearl, Mississippi 39208.   The Order [23] setting the hearing and the Order for a writ of habeas corpus *ad testificandum* [25] were mailed to Plaintiff at that address via the United States Postal Service.   However, on June 26, 2020, Plaintiff's mail was returned to the Court as undeliverable.   By email dated July 16, 2020, the office of the undersigned received notice that Plaintiff was no longer in custody; he was released from the custody of the Mississippi Department of Corrections upon the expiration of his sentence.

Plaintiff filed this case, and it was his responsibility to prosecute his claims.   The Court advised him of that responsibility on at least six separate occasions in Orders [3, 5,

6, 8, 11, 14]. He was warned that his "[f]ailure to advise this Court of a change of address or failure to comply with any Order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and will result in this cause being dismissed without further notice to the Plaintiff." [8]. His failure to attend the scheduled hearing, or to contact the Court after his release, has caused Defendants to incur unnecessary attorneys' fees and costs.

Plaintiff has not abided by the orders of this Court due to his failure to attend the hearing and to keep the Court advised of his current address. He must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370

U.S. at 630.   The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes.   "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."   *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute---even incarcerated litigants must inform the court of address changes).   Plaintiff was released from custody and did not provide his new address.   He did not receive his mail containing the notice of the hearing, so his failure to give his new address prevents the Court from moving this case forward.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists."   *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)).   The record in Plaintiff's case supports such a finding.   Plaintiff obviously lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint.   The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.   Final Judgment should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 24th day of July 2020.

>                        /s/ Linda R. Anderson
>             UNITED STATES MAGISTRATE JUDGE